TYMCIO, APPELLANT, *v.* THE STATE OF OHIO ET AL.,
APPELLEES.

(No. 76AP-941—Decided April 21, 1977.)

*Messrs. Woodle, Wachtel, Begam & Wolk, Mr. Edwin. F. Woodle,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. William J. Mooney,* for appellee state of Ohio.

*Mr. John J. Plough,* prosecuting attorney, and *Mr. Louis R. Myers,* for appellee Court of Common Pleas of Portage County.

WHITESIDE, J. Plaintiff appeals from a judgment of the Court of Claims dismissing his complaint and raises three assignments of error, as follows:

"1. The Court erred in finding and determining that the Court of Common Pleas of Portage County, Ohio is not an agency and instrumentality of the State of Ohio within the meaning of R. C. 2743.01(A), and was in error in determining that the Court of Common Pleas of Portage County, Ohio is a political subdivision of the State of Ohio within the meaning of R. C. 2743.01(B).

"2. The Court of Claims was in error in finding and determining that it is without jurisdiction of this cause.

"3. The Court of Claims was in error in dismissing the complaint."

The complaint alleges that plaintiff was indicted on May 2, 1973, on charges of assault with force likely to produce death or great bodily harm. He proceeded to trial on June 25, 1973, without the benefit of counsel, although he had requested appointment of counsel from the court which refused to do so. He was convicted, and, on July 20, 1973, sentenced to imprisonment in the Ohio Penitentiary for a term of one to five years. Appeals were taken, resulting in a reversal of plaintiff's conviction by the Supreme Court on August 2, 1975. See *State* v. *Tymcio* (1975), 42 Ohio St. 2d 39. On May 19, 1976, the charges against plaintiff were dismissed.

Plaintiff seeks damages from the state for his allegedly wrongful incarceration from July 25, 1973, to April 21, 1975. Plaintiff designates as the state agency the Court of Common of Common Pleas of Portage County and specifically alleges that such court "is a division of the judicial system of the defendant, the state of Ohio, and is the rep-

resentative of the defendant, the state of Ohio, in Portage County in all matters relating to the administration of justice by the defendant state therein.''

The state filed a motion to dismiss upon the grounds that the complaint failed to state a claim over which the Court of Claims has subject matter jurisdiction and failed to state a claim upon which relief can be granted. The Court of Claims sustained the motion to dismiss, resulting in this appeal.

At the outset, it is noted that plaintiff makes no contention that the state penal authorities who actually imprisoned plaintiff during the period in question acted wrongfully in so doing. On the contrary, it appears that defendant's incarceration was pursuant to an order of a court of competent jurisdiction following plaintiff's conviction of a crime. Plaintiff predicates his claim solely upon the eventual determination by the Supreme Court of Ohio that the Court of Common Pleas erred in refusing to appoint counsel for him without first determining whether plaintiff was unable to employ counsel despite a finding that he was not indigent.

The first assignment of error raises a somewhat vexing issue. By R. C. 2743.02, the state waives its immunity from liability. R. C. 2743.01(A) provides as follows:

" 'State' means the state of Ohio, including, without limitation, its departments, boards, offices, commissions, agencies, institutions, and other instrumentalities. It does not include political subdivisions.''

In a broad sense, the court of common pleas of each county is an instrumentality of the state and is not a political subdivision within the ordinary meaning thereof. However, R. C. 2743.01(B) defines "political subdivision," as follows:

" 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches.''

Although the court of common pleas of each county is "responsible for governmental activities only in geographic areas smaller than that of the state," such court in a strict sense is not a body corporate and politic. There is, of course, a distinction between a court of common pleas and a judge thereof. As stated at page 132 of *State, ex rel, Hawke,* v. *Le Blond* (1923), 108 Ohio St. 126:

"The court is a tribunal organized for the purpose of administering justice, while the judge is the officer who presides over that tribunal.

"The terms 'court' and 'judge' are sometimes used interchangeably and synonymously, but they are never technically the same in meaning.

"A court is an incorporeal, political being, composed of one or more judges, who sit at fixed times and places, attended by proper officers, pursuant to lawful authority, for the administration of justice."

Although, pursuant to Section 4(A), Article IV, Ohio Constitution, a judge is transitory in the sense that he may temporarily hold court in any county, a court of common pleas is not transitory but remains the court for the county. Section 6(A)(3), Article IV, requires that the judge of a court of common pleas reside in the county in which his court is located. Although Section 4(A), Article IV, Ohio Constitution, now permits the General Assembly to establish common pleas court districts composed of more than one county, it has not done so, but, instead, R. C. 2301.01 provides that there shall be a court of common pleas in each county.

A common pleas judge is paid in part by the state and in part by the county in which his court is located. However, "it is the duty of the county commissioners to appropriate funds necessary to facilitate the administration of justice by the court of common pleas." *State, ex rel. Edwards,* v. *Murray* (1976), 48 Ohio St. 2d 303.

Despite the fact that the court of common pleas of each county is a state court and an instrumentality of the state, we do not find that the state's waiver of immunity from liability by R. C. 2743.02(A) extends to the Common

Pleas Court of Portage County in light of the definitions set forth in R. C. 2743.01(A) and (B).

The state has set forth additional bases for its contention that the complaint herein does not state a claim for relief against the state. It refers to the provision of R. C. 2743.02(A) that the waiver therein does not apply in those situations where the state has previously consented to be sued, and contends that there was a previous consent by virtue of the Federal Civil Rights Act. This contention is without merit. First, the federal law is not a consent by the state to be sued inasmuch as it is a federal, rather than a state, enactment, and an action against the state itself cannot be maintained under such federal legislation in any event.

The state further contends that the doctrine of judicial immunity precludes state liability for an action of a judge acting within his judicial jurisdiction. It is true that a judge is exempt from civil liability for actions in his judicial capacity. See, the second paragraph of the syllabus of *Voll* v. *Steele* (1943), 141 Ohio St. 293.

In *Devoe* v. *State* (1975), 48 Ohio App. 2d 311, this court held, at page 313:

"R. C. 2743.02(A) creates no new claim for relief or cause of action against the state but, rather, merely permits actions to be brought against the state otherwise barred by the doctrine of sovereign immunity, for liability of the state in accordance with the same rules of law applicable to suits between private persons. Thus, for the waiver of immunity to apply, there must be a claim for relief against the state of a nature that could have been brought against the state in the past were it not for the doctrine of sovereign immunity."

No authority has been presented indicating that a common law right of action existed to recover damages resulting from errors of law committed by judges of courts of common pleas during the course of judicial proceedings. On the contrary, all authority indicates that the judges are exempt from liability by virtue of the doctrine of judicial immunity. We find no authority that a common

law cause of action existed against the state but was barred by the doctrine of sovereign immunity under such circumstances. For the same reasons of public policy upon which the doctrine of judicial immunity is founded, there is no common law cause of action against the state arising from errors of law committed by judges during the course of judicial proceedings previously barred by the doctrine of sovereign immunity or otherwise.

The state further contends that the facts alleged, even if proved, do not constitute an unlawful detention (or false imprisonment) by the state of Ohio. An action for false imprisonment cannot be maintained where the imprisonment is in accordance with the judgment or order of a court of competent jurisdiction, unless such judgment or order is absoultely void. See *Brinkman* v. *Droleshaugh* (1918), 97 Ohio St. 171. Here, the judgment of the Portage County Court of Common Pleas was not void, although it was found to be voidable, to the extent that the judgment was reversed on appeal by the Supreme Court and the cause was remanded for further proceedings.

Although plaintiff raised three assignments of error, they are so interrelated as to present a single issue. Predicated upon the foregoing, we find that none of the assignments of error is well taken. For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

HOLMES and REILLY, JJ., concur.