JOHNS, APPELLANT, *v.*
THE STATE OF OHIO, APPELLEE. █

[Cite as Johns v. State (1978), 61 Ohio App. 2d 215.]

█

(No. 78AP-474—Decided December 21, 1978.)

█

*Mr. Edwin F. Woodle,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Gene W. Holliker* and *Mr. James A. Meaney,* for appellee.

HOLMES, P. J.  This appeal is from the Court of Claims where the judgment of that court dismissed the claim of Mr. Johns, the plaintiff, on a motion by the defendant for summary judgment, on the basis that the plaintiff had not stated a claim for relief.

The facts in brief that gave rise to this original action, and to this appeal, are that the plaintiff-appellant was charged, tried and found guilty in Cuyahoga County Court of Common Pleas of possessing and selling, on the 30th day of November 1964, a certain amount of marijuana. The appellant was, after being found guilty, sentenced pursuant to law for consecutive sentences totaling from thirty to sixty years' imprisonment, and sent to the Marion Correctional Institution. Mr. Johns spent some six and one-half years in such prison.

In the appeal of a *habeas corpus* action brought in the

United States District Court for the Northern District of Ohio, the United States Court of Appeals for the Sixth Circuit, in *Johns* v. *Perini* (C.A. 6, 1972), 462 F. 2d 1308, found that Mr. Johns had not been afforded adequate representation by legal counsel at his original trial, did not have a fair trial, and had been denied due process of law. The appellant's petition for a writ of *habeas corpus* was accordingly granted.

It appears from the decision of the Court of Appeals in the Sixth Circuit that the finding of inadequate representation by counsel was in the main based upon the fact that Mr. Johns had asserted that he was at his place of employment at the time of the crime for which he was charged, that he wanted to assert this fact as an alibi defense, that the defense counsel had not complied with the court rule for giving advance notice of the alibi, and that defense counsel had not obtained certain employment records which were then available, which tended to corroborate the alibi.

After Mr. Johns had been released from the Marion Correctional Institution pursuant to the issuance of the writ of *habeas corpus,* he proceeded in what was quite a unique approach in seeking redress from the state. He went to the Ohio General Assembly and successfully sought the passage of special legislation by way of Amended Substitute Senate Bill 221, Section 41, effective November 23, 1977, 1977 Laws of Ohio (Baldwin) 5-281, which provides as follows:

"Notwithstanding the provisions of Chapter 2743 of the Revised Code, Mr. Frank Johns, 12705 Craven Avenue, Cleveland, Ohio, 44105, is hereby authorized to file a claim for damages in the Court of Claims for unlawful incarceration and for lost wages, legal expenses and general damages resulting from his alleged unlawful incarceration. The Court of Claims, after all the evidence in support of this claim has been heard, shall determine (1) whether the preponderance of the evidence offered supports a finding that Mr. Johns has been unlawfully incarcerated by the State of Ohio, and if this is so, (2) the dollar amount of damages to be awarded as compensation. Funds shall be available from the balance in the reparations Rotary Fund to pay any award for damages made to Mr. Johns by the Court of Claims. Such claim for damages must be filed prior to July 1, 1979, after which date the authority to file such claim shall expire."

Mr. Johns thereafter, pursuant to such act, brought an action against the state of Ohio in the Court of Claims claiming unlawful incarceration by the state and claiming damages based upon loss of freedom, loss of income and earnings, and loss of the normal relationship with his family.

The state thereafter filed a motion for summary judgment on the basis that no genuine issue of any material fact existed, and that the defendant was entitled to a judgment as a matter of law.

The state in such motion claimed that the facts show that the incarceration was not unlawful in that Mr. Johns had been incarcerated pursuant to a valid court order, and that in order for a person to maintain a claim for unlawful incarceration it must be shown that the order was void.

Further, the state argued that merely because the person who was incarcerated was later released upon a writ of *habeas corpus,* such does not render the original order void, but only voidable. Accordingly, the state asserted that Mr. Johns' release by the United States Court of Appeals for the Sixth Circuit was granted on the basis that he was deprived of his constitutional right to effective assistance of counsel, not upon the basis that the trial court lacked jurisdiction over the subject matter of the person. The state concluded that the plaintiff's *habeas corpus* release only had the effect of rendering the original judgment voidable, not void.

The plaintiff filed a motion for a limited summary judgment, *i.e.,* one based upon the order of the United States Court of Appeals for the Sixth Circuit in the case of *Johns* v. *Perini, supra,* that there must be a finding by the Court of Claims that Mr. Johns was unlawfully incarcerated by the state of Ohio.

The judge of the Court of Claims, construing the motions for summary judgment, framed the stance of the case as follows: "In order to find for plaintiff it is necessary for the facts to show by a preponderance that Johns' conviction was void. This the judgment of the United States Sixth District Court of Appeals does not show, even by a scintilla."

The court then proceeded to hold that the judgment of conviction of Mr. Johns was voidable and not void, in that the Cuyahoga County Common Pleas Court "had jurisdiction of the person and the subject matter." The court then likened

this case to that of *Tymcio* v. *State* (1977), 52 Ohio App. 2d 298, in which the Court of Claims denied the complaint of the plaintiff for damages due to his claimed unlawful incarceration. The ruling of the court had been on the basis that the defendant's incarceration in that case was pursuant to an order of a court of competent jurisdiction following the plaintiff's conviction of the crime, the same stance that the Court of Claims took in the instant case.

We must reverse the Court of Claims. In this matter, unlike the other cases where we have considered appeals of those who have been denied claims for an alleged unlawful incarceration, we are dealing with a claimant whose cause of action has been granted by way of special legislation. The special legislation under which this plaintiff brought his cause of action in the Court of Claims did a number of things. First, it in effect waived the statute of limitations found in the Court of Claims Act. Second, it mandated the Court of Claims to proceed with the hearing of this case in a very specific manner. Third, and most fundamentally, the bill provided a cause of action with potential relief for the claimant, in a type of cause where the Court of Claims, and this court, have consistently denied relief. See *Tymcio* v. *State, supra.*

The question of whether the decision of the Sixth Circuit Court of Appeals in effect held the judgment of conviction void or voidable, or whether such judgment is *res judicata* for the purposes of the issues raised herein, will not be discussed at this time in that it is not necessary to do so. The Court of Claims and this court must consider the rights of this particular claimant in light of the special legislation enacted which creates his cause of action.

The legislation dealt with here is very clear as to the duty of the Court of Claims. The court must, according to the wording of the bill, first hear all of the evidence in support of the claim, and it then must determine "whether the preponderance of the evidence offered supports a finding that Mr. Johns had been unlawfully incarcerated by the state of Ohio."

Further, if the court so finds upon all of the evidence adduced that Mr. Johns was unlawfully incarcerated, then the court must determine dollar amount damages to be awarded as compensation. Here, the Court of Claims decided this cause upon a summary judgment, and did not permit plaintiff

to submit any evidence upon the issue of unlawful incarceration. How then can it be said that the legislative mandate to hear all of the evidence and determine by the preponderance of the evidence whether Mr. Johns had been unlawfully incarcerated has been carried out? We must hold that the reasonable intent of the legislative enactment was for the Court of Claims to entertain and review the evidence on the issue of the unlawful incarceration, and to make its determination as to whether justice had been done in the trial of the cause of Mr. Johns. We must hold that the special act has not been complied with by the trial court as to the determination that was sought by the legislative enactment.

Therefore, we must reverse, but in so doing we do not sustain all of the assignments of error. We hereby sustain the fifth and sixth assignments of error, and overrule the first, second, third, fourth and seventh assignments of error.

Accordingly, the judgment of the Court of Claims is reversed, and this matter is remanded for further proceedings according to Amended Substitute Senate Bill No. 221, and in accordance with other applicable provisions of law.

*Judgment reversed.*

WHITESIDE and REILLY, JJ., concur.