DALTON, APPELLANT, *v.* BUREAU OF CRIMINAL IDENTIFICATION AND INVESTIGATION ET AL.

(No. 86AP-1171—Decided
September 15, 1987.)

*Vorys, Sater, Seymour & Pease,*
*Duke W. Thomas* and *Elizabeth T.*
*Smith,* for appellant.
*Anthony J. Celebrezze, Jr.,* at-
torney general, and *Elizabeth A. Tar-*
*py,* for appellee Bureau of Criminal
Identification and Investigation.
*John T. Corrigan,* prosecuting at-
torney, *Patrick J. Murphy* and *Michael*
*Pokorny,* for appellee Cuyahoga Coun-
ty Court of Common Pleas.

BRYANT, J. Plaintiff-appellant,
Bruce D. Dalton, appeals from an
order of the Court of Claims of Ohio
*sua sponte* dismissing defendant-
appellee, Common Pleas Court of
Cuyahoga County ("common pleas
court"). Plaintiff sets forth one assign-
ment of error asserting that the trial
court erred in dismissing defendant,
common pleas court, as the common
pleas court is an instrumentality of the
state pursuant to R.C. 2743.01 and,
further, is subject to joinder in the
Court of Claims pursuant to Civ. R.
20(A).

Plaintiff's complaint alleges that
on November 25, 1980, he was indicted
by the Grand Jury of Cuyahoga County
for aggravated arson. On August 17,
1981, the indictment and all charges
were dismissed as *nolle prosequi.* On
August 25, 1981, the common pleas
court docketed the journal entry
dismissing the indictment and charges
against plaintiff. However, plaintiff
alleges the Bureau of Criminal Iden-
tification and Investigation ("BCI")
and the common pleas court failed to
transfer and enter that information in-
to the LEADS computer system for
dissemination to law enforcement of-
ficials.

On April 22, 1984, plaintiff was ar-
rested by a law enforcement official of
the city of Westlake. Information from
the LEADS computer showed that the
aggravated arson charges were still
outstanding. Plaintiff asserts that, as a
result thereof, he unnecessarily was
treated as one who had committed or
was suspected of having committed ag-
gravated arson.

On April 22, 1985, plaintiff filed an
action against BCI and the common
pleas court alleging violations of his
rights under various sections of federal
law and the Constitution of the United
States, as well as claims under the
statutory and common law of Ohio.

Prior to answering plaintiff's com-
plaint, defendant common pleas court
filed a motion to dismiss for failure to
state a claim upon which relief could be
granted against it. While the Court of
Claims originally denied defendant's
motion, after discovery and prior to
trial, the court *sua sponte* dismissed
defendant common pleas court pur-
suant to R.C. 2743.02(E) and
2743.01(A).

Plaintiff's assignment of error
raises two issues for consideration by
this court: first, whether the Court of
Claims had subject matter jurisdiction
over the common pleas court as an in-
strumentality of the state under R.C.
2743.01(A); and, second, whether the
Court of Claims erred in refusing to
exercise jurisdiction over the common
pleas court under Civ. R. 20(A) (per-
missive joinder).

Pursuant to R.C. 2743.01(A),
"state" is defined as:

"* * * [T]he state of Ohio, in-
cluding, but not limited to, the general

assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. 'State' does not include political subdivisions."

Under subsection (B) of that same section, "political subdivision" is defined as:

"* * * [M]unicipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

Given the foregoing, plaintiff urges us to hold that the common pleas court acting as a court, rather than through an individual judge, is the state of Ohio and therefore a proper defendant before the Court of Claims. Citing various functions of the common pleas court which exceed county boundary lines, plaintiff invites us to reject the reasoning of *Tymcio* v. *State* (1977), 52 Ohio App. 2d 298, 6 O.O. 3d 310, 369 N.E. 2d 1063, motion to certify record overruled (Sept. 9, 1977), No. 77-639. In *Tymcio,* this court stated:

"Despite the fact that the court of common pleas of each county is a state court and an instrumentality of the state, we do not find that the state's waiver of immunity from liability by R.C. 2743.02(A) extends to the Common Pleas Court of Portage County in light of the definitions set forth in R.C. 2743.01(A) and (B)." *Id.* at 301-302, 6 O.O. 3d at 311-312, 369 N.E. 2d at 1065.

Hence, while the "court of common pleas of each county is an instrumentality of the state and is not a political subdivision within the ordinary meaning thereof," *id.* at 300, 6 O.O. 3d at 311, 369 N.E. 2d at 1065, the definition of political subdivision under R.C. 2743.01(B) encompasses the common pleas court and eliminates it from the definition of state under R.C. 2743.01(A). *Id.* at 301-302, 6 O.O. 3d at 311-312, 369 N.E. 2d at 1065. Accordingly, following the holding of *Tymcio,* the common pleas court is not within the definition of "state" under the language of R.C. 2743.01.

In the second issue presented by plaintiff's assignment of error, plaintiff argues that even if the common pleas court is not the state for purposes of R.C. Chapter 2743, the common pleas court should be joined in an action against BCI in the Court of Claims under Civ. R. 20(A). Again, this court has addressed the issue of joinder under R.C. Chapter 2743. In so doing, we have held that the state is the only proper defendant in the Court of Claims in an original action. See *Wirth* v. *Ohio Dept. of Transp.* (June 26, 1979), Franklin App. No. 78AP-838, unreported. See, also, *Elkins* v. *Natl. Labor Relations Bd.* (Nov. 19, 1981), Franklin App. No. 81AP-629, unreported; *Beamer* v. *State* (May 12, 1983), Franklin App. No. 82AP-654, unreported; and *Plastic Surgery Associates, Inc.* v. *Rachford* (Dec. 29, 1983), Franklin App. No. 83AP-358, unreported. While plaintiff urges us to permit joinder of a nonstate defendant in the Court of Claims of Ohio, plaintiff's argument runs directly contrary to the foregoing authority and we decline plaintiff's invitation to do so.

Accordingly, we overrule plaintiff's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

REILLY and YOUNG, JJ., concur.