David A. Sams, plaintiff-appellant, appeals the May 18, 1998 judgment of the Court of Claims of Ohio dismissing his complaint for failure to name a specific state entity. We affirm.
In January 1998, appellant published and circulated statements to third persons that were critical of a Columbus, Ohio law firm and two of its members. The statements were also critical of the legal profession in general. At the time appellant published and circulated the statements, he was the plaintiff in a pending civil case in the Franklin County Court of Common Pleas ("common pleas court") against certain defendants that included the same Columbus, Ohio law firm and one of its members. The defendants filed a motion for injunctive relief in the pending civil case, requesting that appellant cease further publication and dissemination of the statements. The common pleas court ordered appellant to cease publishing the statements. The common pleas court later rescinded the order restraining appellant from disseminating the materials in question.
On April 2, 1998, appellant filed a complaint in the Court of Claims against the State of Ohio. In his complaint, appellant alleged that the State of Ohio violated his civil liberties when the common pleas court ordered him to cease his publication of the materials. On April 3, 1998, the Court of Claims filed a prescreening entry ordering appellant to file an amended complaint naming "a state department, board, office, commission, agency, institution, or other state instrumentality as defendant" in compliance with R.C. 2743.13(A). On April 13, 1998, appellant filed an amended complaint in the Court of Claims adding the common pleas court as a defendant. On April 22, 1998, the Court of Claims filed an entry stating that it did not have jurisdiction over county instrumentalities, and, therefore, it did not have jurisdiction over the common pleas court. The Court of Claims then ordered that unless appellant filed an amended complaint complying with the April 3, 1998 order, the action would be dismissed. Plaintiff failed to comply with the April 3, 1998 order. On May 18, 1998, the Court of Claims dismissed appellant's complaint without prejudice pursuant to Civ.R. 41. On May 21, 1998, appellant filed his notice of appeal.
Appellant asserts the following assignment of error:
 "THE COURT OF CLAIMS ERRED AS A MATTER OF LAW AND DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHTS OF EQUAL PROTECTION, DUE PROCESS AND ACCESS TO THE COURTS WHEN DISMISSING HIS COMPLAINT AGAINST THE STATE OF OHIO AND THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO."
The sole issue in this case is whether the Court of Claims of Ohio has jurisdiction over the common pleas court. Appellant asserts that a common pleas court is a state department, board, office, commission, agency, institution, or other state instrumentality within the meaning of R.C. 2743.01 (A), and, therefore, the Court of Claims has jurisdiction to hear an action in which the common pleas court is named as a defendant.
Pursuant to R.C. 2743.02, the state waives its immunity from liability and consents to be sued and have its liability determined in the Court of Claims in accordance with the same rules of law applicable to suits between private parties.
R.C. 2743.01 provides, in pertinent part:
"As used in this Chapter:
 "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. 'State' does not include political subdivisions.
 "(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."
In two previous cases, this court has discussed the same issue as is present in the current case. In Tymcio v. State
(1977), 52 Ohio App.2d 298, and Dalton v. Bureau of Crim.Identification Investigation (1987), 39 Ohio App.3d 123, this court examined whether a county court of common pleas is included under the definition of "political subdivision" pursuant to R.C. 2743.01, as to eliminate it from the waiver of state immunity provided in R.C. 2743.02.
In Tymcio, the appellant argued that the Court of Common Pleas of Portgage County, Ohio was an agency and instrumentality within the meaning of R.C. 2743.01 (A). In finding that the Court of Claims did not have jurisdiction over the Court of Common Pleas of Portgage County, we held that:
 "Despite the fact that the court of common pleas of each county is a state court and an instrumentality of the state, we do not find that the state's waiver of immunity from liability by R.C. 2743.02(A) extends to the Common Pleas Court of Portgage County in light of the definitions set forth in R.C. 2743.01 (A) and (B)." Id. at 301-302.
In Dalton, we again addressed the same issue and further explained our finding in Tymcio. In Dalton, the appellant argued that the Court of Claims erred in dismissing the defendant, Common Pleas Court of Cuyahoga County, Ohio, because a common pleas court is an instrumentality of the state pursuant to R.C. 2743.01. In explaining our holding in Tymcio,
this court stated:
 "Hence, while the 'court of common pleas of each county is an instrumentality of the state and is not a political subdivision within the ordinary meaning thereof,' [citations omitted], the definition of political subdivision under R.C. 2743.01(B) encompasses the common pleas court and eliminates it from the definition of state under R.C. 2743.01 (A). [Citations omitted.] Accordingly, following the holding of Tymcio, the common pleas court is not within the definition of 'state' under the language of R.C. 2743.01." Dalton at 125.
Appellant urges this court to overrule our decisions inTymcio and Dalton. We decline. Based upon our previous holdings in Tymcio and Dalton, we find that the definition of political subdivision under R.C. 2743.01(B) encompasses the common pleas court and eliminates it from the definition of "state" under R.C. 2743.01(A). Therefore, because the Court of Claims does not have jurisdiction over county courts of common pleas, the Court of Claims did not err in dismissing appellant's complaint against the State of Ohio and the court of common pleas.
We also note that appellee common pleas court filed a motion to dismiss on July 13, 1998, arguing that it was never a party to this action because it was never served with the complaint in the Court of Claims. A review of the record indicates that appellant filed a praecipe for service directing the clerk of the Court of Claims to serve a copy of the amended complaint and summons upon the Attorney General of Ohio and upon the prosecuting attorney of Franklin County, Ohio. The record is unclear as to whether the amended complaint was served pursuant to R.C. 2743.13, which requires the clerk of the Court of Claims to issue service of summons to each defendant and the attorney general upon the filing of a complaint. Because the record is unclear as to whom was served with copies of the amended complaint, and because we have already determined that the Court of Claims did not have jurisdiction over the common pleas court, we deny the motion to dismiss filed by appellee common pleas court.
For the forgoing reasons, the motion to dismiss filed by appellee common pleas court is denied, appellant's assignment of error is overruled, and the judgment of the Court of Claims dismissing appellant's complaint is affirmed.
Motion to dismiss denied.
 Judgment affirmed.
DESHLER and PETREE, JJ., concur.