[Cite as *Brown v. State*, 2023-Ohio-1725.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Dontray L. Brown,                          :

      Plaintiff-Appellant,         :

                                   No. 22AP-707

v.                                              :        (Ct. of Cl. No. 2022-00686JD)

State of Ohio,                            :        (ACCELERATED CALENDAR)

      Defendant-Appellee.        :

---

D E C I S I O N

Rendered on May 23, 2023

---

**On brief:** *Dontray L. Brown*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Amy S. Brown*, for appellee.

---

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, P.J.

{¶ 1} Plaintiff-appellant, Dontray L. Brown, appeals the November 14, 2022 decision of the Court of Claims of Ohio dismissing his suit for damages from an alleged default judgment, which itself purportedly arose from the common pleas court's prior denial of a public records request for transcripts in a 2005 criminal case.

{¶ 2} Brown filed his initial complaint on September 19, 2022, naming as the defendant the "state agency" the Ashtabula County Court of Common Pleas. On September 23, 2022, a magistrate of the court of claims reviewed his complaint and issued an order dismissing the court of common pleas from the action and stating that the case "will be dismissed unless on or before October 24, 2022, an amended complaint is filed which pursuant to R.C. 2743.13(A) and L.C.C.R. 4(A), names a state department, board, office, commission, agency, institution, or other state instrumentality as defendant." (Sept. 23, 2022 Mag's Order.) Thereafter, Brown filed an amended complaint, naming

"The State of Ohio" as the defendant; but he asserted that the address of the Ashtabula County Common Pleas Court was the defendant's address and reasserted his same claims—which alleged actions and harm exclusively by the court of common pleas.

{¶ 3}   On October 26, 2022, the defendant-appellee, State of Ohio, filed a motion to dismiss the case, arguing that Brown had failed to state a cognizable claim for relief, that the complaint was time-barred, and also that the claims for relief asserted in the complaint were beyond the court of claims' subject-matter jurisdiction, in part because the Ashtabula Common Pleas Court is a "political subdivision" explicitly excluded from the court of claims' authority under R.C. 2743.01.  And on November 14, 2022, Judge Sheeran of the Court of Claims dismissed Brown's complaint, concluding that "Plaintiff has not complied with R.C. 2743.13(A), L.C.C.R. 4(A), or the magistrate's order. Without a state agency or instrumentality as Defendant, this Court lacks jurisdiction over Plaintiff's Amended Complaint." (Nov. 14, 2022 Entry at 2.)

{¶ 4}   This timely appeal followed, and Brown now asserts three assignments of error with the court of claims' judgment.

> 1. The Ohio Court of Claims erred November 14th of 2022 when it dismissed the request to enforce a previous entry of [d]efault judgment rendered against the State of Ohio on 12/13/2012, whether it be seen as counterclaims, cross claims, or 3rd party claims.
>
> 2. The Ohio [C]ourt of Claims has erred within its dismissal by denying the Appellant his entitlement to the judgement order rendered 12/13/12, as revivial of the judgment order is made upon filing the request for execution. Furthermore, the Ohio [C]ourt of Claims has also erred due to its denouncing of the State as a defendant; when the Ohio [C]ourt of Claims has [s]ubject-matter, exclusive jurisdicition, and full equity of powers to hear all claims against the State of Ohio; Judicial branches—instruments of the State of Ohio.
>
> 3. The additional claims made surrounding allegations of denial to public records and or access, with all laws being within filing limitations; was shown blatant disregard by the Ohio Court of Claims; thus, the allegations of denial to public access and or records weren't [h]eard.

{¶ 5}   We will address all of Brown's assigned errors together, and because we agree with the trial court that it did not have jurisdiction over his claims, we overrule all three.

{¶ 6}   "[T]he jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. DeWine v. Court of Claims*, 130 Ohio St.3d 244, 2011-Ohio-5283, ¶ 21. R.C. 2743.03(A)(1) confers original jurisdiction upon the Court of Claims for "all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims."

{¶ 7}   R.C. 2743.02(E) provides that "[t]he only defendant in original actions in the court of claims is the state," and R.C. 2743.01(A) explains that as used in the court of claims statutes the " '[s]tate' * * * does not include political subdivisions." R.C. 2743.13(A) requires that "[t]he complaint or other pleading asserted in the court of claims against the state shall name as defendant each state department, board, office, commission, agency, institution, or other instrumentality whose actions are alleged as the basis of complaint."

{¶ 8}   Here, the "actions * * * alleged as the basis of complaint" in both Brown's initial and amended filings were ostensibly taken by the Ashtabula County Court of Common Pleas. But this court has consistently held that Ohio courts of common pleas cannot be sued in the Court of Claims. For example, in *Tymcio v. State*, 52 Ohio App.2d 298 (1977), we concluded that "[d]espite the fact that the court of common pleas of each county is a state court and an instrumentality of the state, we do not find that the state's waiver of immunity from liability by R. C. 2743.02(A) extends to the Common Pleas Court of Portage County in light of the definitions set forth in R. C. 2743.01(A) and (B)." *Id.* at 301-02. In *Dalton v. Bur. of Criminal Identification & Investigation*, 39 Ohio App.3d 123 (1987), we held that in general, "[a] court of common pleas is not within the definition of 'state' under the language of R.C. 2743.01, and is not subject to joinder in the Court of Claims pursuant to Civ. R. 20(A)." *Id.* at syllabus. In *Sams v. State*, 10th Dist. No. 98AP-645, 1999 Ohio App. LEXIS 807 (Mar. 4, 1999), we relied upon and quoted *Dalton* in confirming that " 'the definition of political subdivision under R.C. 2743.01(B) encompasses the common pleas court and eliminates it from the definition of state under R.C. 2743.01(A),' " and that therefore "the Court of Claims does not have jurisdiction over county courts of common pleas, the Court of Claims did not err in dismissing appellant's complaint against the State of Ohio and the court of common pleas." *Id.* at *6 (quoting

*Dalton*). And most recently, we relied on *Sams* to conclude that the court of claims had properly dismissed a plaintiff's complaint against "the Court of Common Pleas," even after that complaint was subsequently amended to name a county clerk of courts as defendant. We observed that "the Court of Claims lacks jurisdiction over a claim against a county court of common pleas * * * [and] the complaint as initially filed failed to name a proper defendant within the jurisdiction of the Court of Claims." *Cotten v. Court of Common Pleas*, 10th Dist. No. 18AP-292, 2018-Ohio-3948 at ¶ 9 (citing *Sams*). And further, in that case we observed that "because Cotten's complaint did not contain any assertions that could be construed as claims against the state, the Court of Claims did not err by failing to sua sponte amend the complaint to name the state or a state agency or department as defendant and did not abuse its discretion by dismissing appellant's claim for lack of jurisdiction." *Id.* at ¶ 12.

{¶ 9} There is no meaningful distinction between this case and *Cotten*. Here, just as in that case, the plaintiff's complaint was flawed in that initially named a court of common pleas as defendant. Likewise, the amended complaints both here and in *Cotten* failed to correct that initial flaw, as the "actions * * * alleged as the basis of complaint" were ostensibly taken by courts of common pleas rather than a state entity. *Compare Cotten* at ¶ 11 with Oct. 3, 2022 Am. Compl. at 1. Accordingly, the court of claims correctly concluded "[w]ithout a state agency or instrumentality as Defendant, this Court lacks jurisdiction over Plaintiff's Amended Complaint." (Nov. 14, 2022 Entry at 2.) The trial court's dismissal was therefore correct, and Brown's assigned errors are accordingly lacking in merit.

{¶ 10} For the foregoing reasons, the appellant's three assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

DORRIAN and MENTEL, JJ., concur.