**EICHENBERGER, Appellant,**

v.

**PETREE, Adm. Judge, et al., Appellees.**

[Cite as *Eichenberger v. Petree* (1992), 76 Ohio App.3d 779.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–570.

Decided Jan. 14, 1992.

*Raymond L. Eichenberger, pro se.*

*Michael Miller*, Prosecuting Attorney, and *Harland Hale*, Assistant Prosecuting Attorney, for appellees.

EVANS, Judge.

This is an appeal by plaintiff, Raymond L. Eichenberger, from a judgment of the Court of Common Pleas of Franklin County which sustained the motion of the defendants for judgment on the pleadings and dismissed the complaint with prejudice.

Plaintiff is an attorney at law licensed to practice in the state of Ohio. The Franklin County Juvenile Court maintains a list of attorneys who are willing to accept appointments to represent indigent persons in that court. In 1989, plaintiff's name was added to this list. Thereafter, plaintiff received regular appointments to represent indigent persons from that court. On July 12, 1990, plaintiff's name was removed from the list of attorneys without notice to plaintiff and without his consent. The record contains no explanation for this removal.

In response to this action, plaintiff filed a complaint in the Court of Common Pleas of Franklin County naming as defendants Charles R. Petree, the then Administrative Judge of the Juvenile Court, the Franklin County Board of Commissioners, the Franklin County Juvenile Court, and R. Todd Shaw, the then court administrator of the juvenile court. The complaint contains five claims which are briefly stated as follows: (1) the actions of the defendants in removing plaintiff's name from the list constitutes an unlawful restraint of trade in violation of the Ohio Revised Code; (2) the actions of the defendants unlawfully prevent plaintiff from practicing law in juvenile court in violation of state and federal labor and trade laws; (3) the actions of the defendants prevent plaintiff's indigent clients, as third-party beneficiaries of the contract of representation plaintiff had with the defendants, from using plaintiff's legal services; (4) defendants breached the contract of representa-

tion which the juvenile court and the commissioners entered into with plaintiff when his name was placed on the list of attorneys in 1989; and, finally, (5) that the actions of the defendants violate plaintiff's right to due process of law and equal protection guaranteed by the Ohio and United States Constitutions.

Plaintiff asserts for his first assignment of error the following:

"The trial court erred as a matter of law in ruling that O.R.C. 2744.01 *et seq.* provides immunity from liability for Franklin County, its agencies and its employees in stated claims for breach of contract, interference with contractual relations, restraint of trade, and unlawfully controlling and restraining the practice of law."

We overrule this assignment of error for the simple reason that the trial court did not rule that R.C. 2744.01 *et seq.* provided immunity for Franklin County, its agencies and employees. In fact, the decision of the trial court contains the following language:

"In reviewing the plaintiff's complaint, the court is unclear as to what cause(s) of action are being asserted against the Franklin County Commissioners, R. Todd Shaw, and the Franklin County Juvenile Court. The complaint does allude to the fact that the Franklin County Commissioners provided funding to compensate court-appointed counsel. The fact that the commissioners allocate funds for court-appointed counsel does not give rise to liability on the part of the Franklin County Commissioners. Likewise, the court finds that the plaintiff has failed to plead any recognizable cause of action against R. Todd Shaw or the Franklin County Juvenile Court."

Thus, it is clear that the court did not extend immunity to Franklin County, its agencies and its employees under the provisions of R.C. 2744.01 *et seq.*, but, rather, the court found a failure to plead a cause of action against these defendants.

Plaintiff asserts as his second assignment of error the following:

"The trial court erred as a matter of law in finding that plaintiff's complaint failed to state a cause of action against defendant/appellee Charles R. Petree."

The plaintiff argues in support of this assignment of error that Judge Petree (now a member of this court) has no jurisdiction to control the practice of law in this state, that being reserved exclusively to the Supreme Court. Thus, when the judge removed plaintiff's name from the approved list, he prevented plaintiff from practicing in that court and, to that extent, controlled the practice of law. Plaintiff then argues that since this action was beyond the jurisdiction of the judge, judicial immunity affords no protection and the

judge must respond in civil damages. Furthermore, the plaintiff argues that, when considering a motion to dismiss under Civ.R. 12(B)(6), the trial court must accept as true the allegations in the complaint. Thus, plaintiff's allegation that " * * * the removal of his name from the court-appointed list precludes him from practicing law in * * * Juvenile Court * * * " must be accepted as true by the trial court when considering the motion to dismiss. Therefore, plaintiff argues, the complaint was sufficient to withstand a motion to dismiss.

We reject this argument. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, at the syllabus, states the rule with regard to Civ.R. 12(B)(6) as follows:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley v. Gibson* [1957], 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80], followed.)"

The only fact contained in the allegation set forth above is that the plaintiff's name was removed from the list maintained by the juvenile court. We accept that as true. The remainder of the allegation that this removal prevented the plaintiff from practicing law in the juvenile court is merely a conclusion of the plaintiff about the consequences of the removal which need not be accepted as true for the purposes of a motion to dismiss. Plaintiff has not alleged facts tending to show that Judge Petree attempted to control the practice of law in juvenile court. All that the plaintiff alleged is that his name was removed from the list of attorneys who could be appointed to represent indigent parties in that court. This act does not prevent plaintiff from representing indigent clients as *pro bono* work in the juvenile court nor does it prevent the plaintiff from appearing in that court to represent a client with the ability to hire and pay the attorney of his choice.

In the final analysis, it is the appointment of an attorney by the court to represent an indigent client that is the desired consequence of being on the approved list. If plaintiff's name were restored to the approved list but the court, nevertheless, continued to pass his name rather than make an appointment, without question the plaintiff would not be satisfied. Thus, it is the lack of appointment and not the mere removal of a name from the approved list that is the essence of plaintiff's complaint. This appointment by the court is clearly a judicial act for which the protection of judicial immunity is available. We find no error in the action of the trial court in dismissing Judge Petree as a defendant in this case. The second assignment of error is overruled.

For his third assignment of error, the plaintiff asserts the following:

"The trial court erred as a matter of law in finding that plaintiff's complaint failed to state a cause of action against Defendant Shaw, Defendant Franklin County Juvenile Court, and Defendant Franklin County Commissioners."

The essential allegation in all of the claims made by the plaintiff is the removal of his name from the court-appointment list maintained by the juvenile court. Plaintiff contends that all defendants participated in the events surrounding the removal of his name from this list and, thus, plaintiff has stated a cause of action against all defendants. But, as previously noted, it is not the removal of plaintiff's name from the approved list that brings plaintiff to his unhappy state but, rather, it is the consequences of the removal. It is the refusal by the judge of the juvenile court to continue appointing plaintiff to represent indigent clients that has reduced plaintiff's monthly income by a substantial amount. Viewed in this light, it becomes clear that the gravamen of plaintiff's complaint is the refusal by a judge to appoint him to represent indigent litigants in court and not the mere removal of his name from an approved list. It would be difficult to think of a better example of a judicial act which falls within the jurisdiction of the judge than the appointment of an attorney to represent an indigent litigant in that court. Since the decision to appoint or to refuse to appoint rests entirely in the discretion of the judge, it follows that none of the other defendants could have participated in the act which is the real issue in plaintiff's complaint.

The third assignment of error is overruled.

The plaintiff's fourth assignment of error is as follows:

"The trial court erred as a matter of law in refusing to recuse himself from deliberations in this case upon the motion of the plaintiff in accordance with local court customs and practice."

We find this assignment of error to be not well taken, and we overrule it. The plaintiff admits in his brief that he did not file an affidavit of prejudice in the trial court because he did not know of any actual bias or prejudice of the trial judge toward him. The action of the trial judge in overruling the motion suggests that the trial judge also knew of no reason that he could not sit and decide the case. Lacking any knowledge of bias or prejudice by the plaintiff or by the trial judge, we find no error in overruling the motion.

Plaintiff asserts for his final assignment of error the following:

"The trial court erred as a matter of law in failing to acknowledge abuse of discretion by Charles R. Petree as a viable cause of action implied by equity in plaintiff's complaint."

In his brief, plaintiff states that a complaint must merely give adequate notice of the claims against the defendants and the grounds upon which they are based. By this assignment of error, plaintiff seeks to enlarge notice pleading to include anything that might be implied from the complaint. Plaintiff cites no authority for this proposition and we are unable to find such authority. The complaint filed in this case is silent as to any claim of abuse of discretion on the part of Judge Petree. In addition, we can find nothing in the record to indicate that this argument was suggested to the trial court in any of the proceedings there. Having failed to plead abuse of discretion or even suggest that argument to the trial court, we can find no error on the part of the trial judge for failing to consider such a cause of action. The fifth assignment of error is overruled.

Having found no error prejudicial to the plaintiff-appellant herein in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.

THOMAS F. BRYANT, P.J., EVANS and HADLEY, JJ., of the Third Appellate District, sitting by assignment.