OPINION
{¶ 1} Plaintiff-appellant, Gregory T. Howard, appeals from a judgment of the Ohio Court of Claims dismissing his action against the Supreme Court of Ohio. Because the Court of Claims properly dismissed his complaint, we affirm.
 {¶ 2} On July 29, 2004, plaintiff filed an original action against the Ohio Supreme Court in the Ohio Court of Claims alleging that its judicial decisions against him were improper, biased, and fraudulent. Plaintiff later filed motions to amend his complaint to add the Lucas County Court of Common Pleas and the Lucas County Prosecutor's Office as defendants. Plaintiff alleged the courts acted in a wanton, willful, and reckless manner, violated his constitutional rights, and acted in bad faith. The Supreme Court filed a motion to dismiss.
 {¶ 3} Apparently also considering the parties plaintiff sought to include through his amended complaint, the Court of Claims granted the motion, concluding (1) it lacked subject matter jurisdiction over constitutional claims, (2) it lacked subject matter jurisdiction over the Lucas County Prosecutor's Office, and (3) the Supreme Court is protected by judicial immunity. On October 7, 2004, plaintiff filed a Motion to Alter or Amend or Vacate the court's October 6, 2004 judgment dismissing his action. Plaintiff's motion is being held in abeyance in the Court of Claims pending his appeal in case No. 04AP-1093.
 {¶ 4} On October 21, 2004, plaintiff filed a Motion to Show Cause and Request for Sanctions pursuant to R.C. 2921.13, a criminal statute prohibiting falsification, because the Supreme Court attached an expired vexatious litigator order to its August 27, 2004 motion to dismiss; plaintiff filed an amended motion on October 27, 2004. On November 12, 2004, the Court of Claims overruled the motion, finding it lacked jurisdiction over criminal matters. On November 30, 2004, plaintiff appealed that decision in case No. 04AP-1272. Further, on November 8, 2004, over a month after the Court of Claims dismissed plaintiff's action, plaintiff filed a Motion to Amend his original complaint to add Chief Justice Moyer as a defendant; the Court of Claims also denied that motion. The two appeals have been consolidated, and in them plaintiff assigns the following error:
Under the facts and circumstances of this case it was a substantial error to deny appellant's motion to amend complaint and to deny appellant's motion to show cause and amended motion to show cause, motion for a nunc pro tunc entry and motion to vacate the trial court's entry of 11-12-2004 pursuant to Civil Rule 60(B) and other applicable legal provisions. [sic.]
 {¶ 5} The Supreme Court assigns the following cross-assignment of error:
Claims against Courts of Common Pleas are not actionable in the Court of Claims.
 {¶ 6} The Court of Claims granted the Supreme Court's motion to dismiss pursuant to (1) Civ.R. 12(B)(6) for plaintiff's failure to state a claim and (2) Civ.R. 12(B)(1) for lack of subject matter jurisdiction. The appellate standard of review on Civ.R. 12(B)(1) and 12(B)(6) motions to dismiss is de novo. Kramer v. Installations Unlimited, Inc. (2002),147 Ohio App.3d 350.
 {¶ 7} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. Accepting all factual allegations of the complaint as true and making all reasonable inferences in favor of the non-moving party, the court must determine only whether the allegations of the complaint are legally sufficient to state a claim. Id. In order for a court to dismiss plaintiff's complaint, it must appear beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Stewart v. Fifth Third Bankof Columbus, Inc. (Jan. 25, 2001), Franklin App. No. 00AP-258. Under Civ.R. 12(B)(1), the question is whether plaintiff alleges any cause of action the court has authority to decide. Troutman v. Ohio Dept. ofRehab. Corr., Franklin App. No. 03AP-1240, 2005-Ohio-334, citingMcHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56.
 {¶ 8} Generally, the State of Ohio cannot be sued for civil liability without its express consent. Pursuant to R.C. 2743.02, however, the state waived its immunity from liability and consented to be sued in the Court of Claims "in accordance with the same rules of law applicable to suits between private parties." R.C. 2743.01(A) defines "state" as "the state of Ohio, including * * * the general assembly, the supreme court * * * and other instrumentalities of the state. `State' does not include political subdivisions."
 {¶ 9} Plaintiff filed his complaint in the Court of Claims and named as defendants the Lucas County Prosecutor's Office and the Lucas County Court of Common Pleas. R.C. 2743.01(B) defines "political subdivisions" as "municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches." The Lucas County Prosecutor's Office, as a county office, is by definition a political subdivision. As a result, pursuant to R.C. 2743.01(A) the Lucas County Prosecutor's Office many not be sued in the Court of Claims. While plaintiff argues at length in his appellate brief that the Court of Claims did not address Count IV of his complaint, plaintiff is incorrect: Count IV purports to set forth a claim against the Lucas County Prosecutor's Office that the Court of Claims properly dismissed for lack of jurisdiction.
 {¶ 10} Although the Court of Claims dismissed plaintiff's complaint in its entirety, it did not expressly address whether subject matter jurisdiction existed regarding the Lucas County Court of Common Pleas; the cross-assignment of error in effect seeks clarification of that point. Ohio case law holds that county courts of common pleas are specifically excluded from the definition of "state" under R.C. 2743.01(A). Indeed, this court has held that even though the court of common pleas of each county is technically an instrumentality of the state and is not a political subdivision in the ordinary sense, the definition of political subdivision under R.C. 2743.01(B) expressly eliminates it from the definition of "state." Sams v. State (Mar. 4, 1999), Franklin App. No. 98AP-645, citing Dalton v. Bur. of Criminal Identification andInvestigation (1987), 39 Ohio App.3d 123; Tymcio v. State of Ohio
(1977), 52 Ohio App.2d 298. Because the Lucas County Court of Common Pleas is not within the definition of state under the language of R.C.2743.01, the Court of Claims does not have subject matter jurisdiction over it; dismissal of plaintiff's claims against it was proper. Accordingly, the Supreme Court's cross-assignment of error is sustained.
 {¶ 11} In addition, the Court of Claims dismissed plaintiff's allegations against the Ohio Supreme Court, concluding the justices are immune from suit under the doctrine of judicial immunity. Arguing that the justices are not protected by judicial immunity, plaintiff claims the Supreme Court (1) committed fraud by holding the Court of Appeals denied one of plaintiff's previous requests, when the Court of Appeals instead dismissed the defendants in that case, (2) violated his constitutional rights under Section 16, Article I, Ohio Constitution, by denying his mandamus action, and (3) fraudulently dismissed or affirmed various actions in which he was the plaintiff, in violation of his constitutional rights. According to plaintiff, the Supreme Court's actions were extra-judicial, or outside the scope of judicial immunity, because he believes the Supreme Court committed acts of "bad faith and egregious conduct" in its dealing with him. Plaintiff misconstrues the concept of judicial immunity.
 {¶ 12} A judge is exempt from civil liability for actions taken in his or her judicial capacity. Voll v. Steele (1943), 141 Ohio St. 293;Tymcio, supra. Judicial immunity applies not only to judges personally, but extends to courts and the state itself in its judicial functions.Reynolds v. State of Ohio, Div. of Parole and Comm. Serv. (1984),14 Ohio St.3d 68, syllabus (holding that the "state cannot be sued for its legislative or judicial functions"). Ohio law is clear that a plaintiff claiming to have been injured by judicial action within the scope of the judge's jurisdiction has no civil action against the judge for recovery of damages. State ex rel. Fisher v. Burkhardt (1993),66 Ohio St.3d 189. Nor is a judge liable for actions taken within the judge's discretion. Eichenberger v. Petree (1992), 76 Ohio App.3d 779;Newdick v. Sharp (1967), 13 Ohio App.2d 200; Evans v. Supreme Court ofOhio, 119 Ohio Misc.2d 34, 2002-Ohio-3518. Indeed, a judge is immune for actions taken within the judge's official capacity even if those actions were in error, in excess of authority, or malicious. Burkhardt, supra.
 {¶ 13} Factors to consider in determining whether a judge's act is judicial include (1) the nature of the act itself, and whether it is a function normally performed by a judge, and (2) the expectation of the parties, and whether he or she dealt with the judge in his or her judicial capacity. Stump v. Sparkman (1978), 435 U.S. 349, 98 S.Ct. 1099;Burkhardt, supra. A judicial function thus includes interpreting the law in matters over which the judge has jurisdiction. Id. A judge will be liable only if (1) the judge acted in a clear absence of all jurisdiction, or (2) the action at issue was not judicial in nature, meaning not normally performed by a judge. Walk v. Ohio Supreme Court,
Franklin App. No. 03AP-205, 2003-Ohio-5343; Reasoner v. City ofColumbus, Franklin App. No. 02AP-831, 2003-Ohio-670, at ¶ 15. The inquiry focuses on the nature of the act, and not on whether the act was proper. Stump; Walk, supra.
 {¶ 14} Here, plaintiff's allegations relate to the legal decisions made against him in various actions and proceedings. Nowhere does plaintiff allege any justice of the Supreme Court took any actions that judges do not normally perform. Nor does plaintiff allege he dealt with the court in a personal or extra-judicial capacity. Although plaintiff alleges the Supreme Court justices acted maliciously and in bad faith because they rendered decisions against him, those decisions, whether proper or improper, are protected by judicial immunity: interpreting the law and making decisions based on the law is precisely a judge's role and clearly within the judge's official capacity. Further, the Supreme Court unquestionably had jurisdiction to decide the cases before it. Notwithstanding plaintiff's disagreement, the decisions rendered against him are protected by judicial immunity.
 {¶ 15} Plaintiff also argues the Court of Claims deliberately failed to consider his allegations of constitutional violations. The Court of Claims, however, does not have jurisdiction to consider claims for relief premised upon violations of the Ohio or United States Constitutions. Constitutional claims are not actionable in the Court of Claims because a plaintiff is limited to causes of action that could be brought between private parties. Bleicher v. Univ. of Cincinnati College of Medicine
(1992), 78 Ohio App.3d 302, 306-307; Burkey v. Southern OhioCorrectional Facility (1988), 38 Ohio App.3d 170, 171; R.C. 2743.02
(providing the state waived its immunity from liability and consented to be sued in the court of claims "in accordance with the same rules of law applicable to suits between private parties"); Peters v. Ohio Dept. ofNatural Resources, Franklin App. No. 03AP-350, 2003-Ohio-5895 (holding the constitutional violations alleged by the plaintiff required an element of state action and could not be brought against a private individual, leaving the Court of Claims without jurisdiction); Webb v.Grafton Correctional Inst., Franklin App. No. 03AP-1014, 2004-Ohio-3729 (holding that the Court of Claims lacked jurisdiction over inmate's alleged constitutional and criminal violations by the correctional facility).
 {¶ 16} Plaintiff also asserts the Court of Claims erred in denying his motion for sanctions and to show cause that he filed after the notice of appeal of the decision dismissing his complaint. Plaintiff contends that because his vexatious litigator status expired on August 15, 2003, the Supreme Court made false statements against him by attaching the vexatious litigator order to its motion to dismiss. His motion requested $10,424,646.54 in sanctions pursuant to criminal statute R.C. 2921.13 and an order directing the Supreme Court to show cause why the document was not false. The Court of Claims concluded it did not have subject matter jurisdiction to grant criminal sanctions. In the current appeal, plaintiff requests an additional $500,000 in compensatory damages and $1 million a year in punitive damages until the case is resolved.
 {¶ 17} R.C. 2921.13 provides that, under certain situations enumerated in the statute, no person shall make a false statement or knowingly swear or affirm the truth of a previously made false statement. As correctly found by the Court of Claims, R.C. 2921.13 is a criminal statute. The Court of Claims does not have jurisdiction over any criminal matters against the state, as "R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in the courts of common pleas." Troutman, citing Donaldson v. Court ofClaims (May 19, 1992), Franklin App. No. 91AP-1218. Nor does plaintiff point to any authority that permits a civil action for alleged violations of R.C. 2921.13.
 {¶ 18} Moreover, the Court of Claims expressly stated in its decision overruling the motion for sanctions that the vexatious litigator document had nothing to do with its decision to dismiss plaintiff's claims. Rather, the Court of Claims dismissed plaintiff's complaint for purely legal reasons. Accordingly, the Court of Claims properly overruled plaintiff's motion for criminal sanctions.
 {¶ 19} Plaintiff further contends the Court of Claims erred in refusing to allow him to amend his complaint to add Chief Justice Moyer to the original action. The Court of Claims dismissed plaintiff's complaint on October 6, 2004, plaintiff appealed that decision on October 7, 2004, and on November 8, 2004, plaintiff filed the motion to amend.
 {¶ 20} The Supreme Court contends that pursuant to App.R. 3(D), this issue is not properly on appeal. App.R. 3(D) provides that the notice of appeal "shall designate the judgment, order or part thereof appealed from." Plaintiff's second notice of appeal states only that he is appealing from the Court of Claims' decision denying his request for sanctions; it does not state anything regarding the denial of his motion to amend. Notwithstanding plaintiff's arguable violation of App.R. 3(D), to be complete we address the merits of his contention.
 {¶ 21} Plaintiff's motion to amend presents procedural infirmities. Initially, it came after plaintiff filed his notice of appeal, leaving the Court of Claims without jurisdiction to act on plaintiff's motion.Vavrina v. Greczanik (1974), 40 Ohio App.2d 129, 132 ("[i]f after entering a final judgment, a timely notice of appeal is filed the trial court does not have authority to act * * * during the pendency of the appeal"). Bryant Health Ctr., Inc. v. Ohio Dept. of Job FamilyServices, Franklin App. No. 03AP-482, 2004-Ohio-545. Moreover, it followed the trial court's determinative ruling in dismissing plaintiff's complaint, and a trial court does not abuse its discretion when it refuses to allow an amended complaint after a determinative ruling is made. Meadors v. Zaring Co. (1987), 38 Ohio App.3d 97.
 {¶ 22} Even had the Court of Claims granted plaintiff's motion to amend the complaint to allow allegations of misconduct against Chief Justice Moyer, the claim would fail for the reasons set forth in the discussion on judicial immunity. Plaintiff fails to allege any action taken by any of the justices, including the Chief Justice, that would be considered extra-judicial or outside the jurisdiction of the Supreme Court. Accordingly, the Court of Claims did not abuse its discretion in refusing to allow the amended complaint.
 {¶ 23} Lastly, plaintiff argues the Court of Claims should have held an evidentiary hearing before dismissing his complaint. Plaintiff's argument is without merit. Because plaintiff did not allege any set of facts that would entitle him to relief due to the Court of Claims' lack of jurisdiction and the doctrine of judicial immunity, the Court of Claims was not required to hold a hearing.
 {¶ 24} Based on the foregoing, plaintiff's single assignment of error is overruled, the Supreme Court's cross-assignment of error is sustained, and the judgment of the Ohio Court of Claims is affirmed, as modified to specifically include dismissal of the Lucas County Court of Common Pleas.
Judgment affirmed as modified.
Brown, P.J., and Petree, J., concur.