DECISION
{¶ 1} Relator, Joseph A. Cross, an inmate at Chillicothe Correctional Institution, filed this original action requesting that this court issue a writ of quo warranto against respondents, the Honorable Judge David Johnson ("Judge Johnson"), now retired from the Franklin County Court of Common Pleas, General Division, and the Honorable Ron O'Brien ("O'Brien"), Franklin County Prosecuting Attorney.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On February 22, 2005, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court sua sponte dismiss this action for relator's failure to comply with the mandatory requirements set forth in R.C. 2969.25(A) and (C). (Attached as Appendix A.) Relator timely filed an objection to the magistrate's decision. Respondents filed a motion to dismiss the application for writ of quo warranto pursuant to, inter alia, Civ.R. 12(B)(6). Relator timely filed a response to same. We begin with the motion to dismiss because it is dispositive.
 {¶ 3} In Howard v. Supreme Court of Ohio, 10th Dist. No. 04AP-1093, 2005-Ohio-2130, this court recently elucidated the standard to be applied in passing upon a motion to dismiss for failure to state a claim upon which relief may be granted. The court stated:
A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. Accepting all factual allegations of the complaint as true and making all reasonable inferences in favor of the non-moving party, the court must determine only whether the allegations of the complaint are legally sufficient to state a claim. In order for a court to dismiss plaintiff's complaint, it must appear beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.
Id. at ¶ 7. (Citation omitted.)
 {¶ 4} According to relator's application, he was prosecuted and sentenced in a criminal proceeding in the Franklin County Court of Common Pleas. He alleges that O'Brien unlawfully prosecuted him "on the basis of hearsay with no operative facts or evidence being present * * *" and that the case against him was "a sham legal prosecution" that O'Brien instituted "without lawful power and authority." Relator further alleges that Judge Johnson presided over the criminal case despite the fact that he "knew or should have known" that the proceedings were unlawful. Finally, he alleged that O'Brien and Judge Johnson were not "entitled to be considered as public officers acting on behalf of the State government or the people of this State."
 {¶ 5} Through their motion to dismiss, respondents argue that relator's application fails to state a claim upon which relief may be granted. Specifically, they argue that the application fails to allege the existence of any of the situations in which a writ of quo warranto may be granted, as enumerated in R.C. Chapter 2733. We agree.
 {¶ 6} Pursuant to R.C. 2733.01, a civil action in quo warranto may be brought against a public officeholder in only two situations: (1) when that person "usurps, intrudes into, or unlawfully holds or exercises a public office; or (2) when that person "does or suffers an act which, by law, works a forfeiture of his office[.]" Pursuant to R.C. 2733.04, only the attorney general or a prosecuting attorney may commence quo warranto proceedings. The only exception to this is found in R.C.2733.06, which permits an individual citizen to commence an action in quo warranto if that person is "claiming to be entitled to a public office unlawfully held and exercised by another * * *."
 {¶ 7} Relator's application seeks respondents' ouster not because relator claims to be the lawful holder of either of respondents' public offices, but because relator believes that respondents were involved in a "sham legal prosecution" of him. An examination of these allegations in light of the above-noted provisions of R.C. Chapter 2733 reveals that relator's application does not state a claim upon which a writ of quo warranto may permissibly issue, nor do we perceive any other viable theory or claim for relief contained within relator's application. Thus, relator's application fails to state a claim upon which relief may be granted.
 {¶ 8} Accordingly, we find respondents' motion to dismiss to be well-taken and the same shall be, and hereby is, granted. Because we grant respondents' motion to dismiss, relator's objection to the magistrate's decision is moot and will not be addressed.
Motion to dismiss granted, action dismissed.
Brown, P.J., and Petree, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Joseph A. Cross, :
 Relator, :
v. : No. 05AP-115
Judge D. Johnson and Mr. Ron O'Brien,: (REGULAR CALENDAR)
Respondents. :
 MAGISTRATE'S DECISION Rendered on February 22, 2005 Joseph A. Cross, pro se.
Ron O'Brien, Prosecuting Attorney.
IN QUO WARRANTO ON SUA SPONTE DISMISSAL
 {¶ 9} In this original action, relator, Joseph A. Cross, an inmate of the Chillicothe Correctional Institution ("CCI"), requests that a writ of quo warranto issue against respondents the Honorable David Johnson, a Judge of the Franklin County Court of Common Pleas and the Honorable Ron O'Brien, the Prosecutor of Franklin County, Ohio.
Findings of Fact:
 {¶ 10} 1. On February 3, 2005, relator, a CCI inmate, filed this original action against government entities or employees.
 {¶ 11} 2. Relator has not paid the filing fees for the filing of an original action in this court.
 {¶ 12} 3. With his complaint, relator filed an affidavit of indigency.
 {¶ 13} 4. Relator has not filed a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C).
 {¶ 14} 5. Relator has not filed the affidavit required by R.C. 2969.25(A) regarding any prior civil actions or appeals that he may have filed within the past five years.
 {¶ 15} 6. With his complaint, relator filed a "motion for order to waive the requirements of R.C. 2969.25(A)." Relator requests that this court hold that the prior actions affidavit required by R.C. 2969.25(A) is not applicable to original actions in quo warranto.
Conclusions of Law:
 {¶ 16} It is the magistrate's decision that this court sua sponte dismiss this action on grounds that relator has failed to comply with the mandatory requirements set forth at R.C. 2969.25(A) and (C). It is also the magistrate's decision that this court deny relator's motion for an order to "waive the requirements of R.C. 2969.25(A)."
 {¶ 17} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a government entity or employee, an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal. R.C. 2969.25(A) states in part:
* * * The affidavit shall include all of the following for each of those civil actions or appeals:
(1) A brief description of the nature of the civil action or appeal;
(2) The case name, case number, and the court in which the civil action or appeal was brought;
(3) The name of each party to the civil action or appeal;
(4) The outcome of the civil action or appeal * * *.
 {¶ 18} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 19} As previously noted, relator did not file a statement certified by the institutional cashier.
 {¶ 20} Compliance with the provisions of R.C. 2969.25
is mandatory and failure to satisfy the statutory requirements is grounds for dismissal. State ex rel.Washington v. Ohio Adult Parole Auth. (1999),87 Ohio St.3d 258; State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285.
 {¶ 21} Relator's failure to comply with the mandatory requirements of R.C. 2969.25(A) and (C) is grounds for dismissal of the instant action.
 {¶ 22} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action. It is also the magistrate's decision that this court deny relator's motion for an order "to waive the requirements of R.C. 2969.25(A)."