[Cite as *Jones v. Geauga Cty Republican Party Cent. Commt.*, 2017-Ohio-2930.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DIANE JONES, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2016-G-0056** |
| GEAUGA COUNTY REPUBLICAN PARTY CENTRAL COMMITTEE, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 15 M 000679.

Judgment: Affirmed.

*Mark S. O'Brien*, 2460 Fairmount Boulevard, Suite 301B, Cleveland Heights, OH 44106 (For Plaintiffs-Appellants).

*Nancy C. Schuster*, Schuster & Simmons Co., L.P.A., Bevelin House, 2913 Clinton Avenue, Cleveland, OH 44113 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} Appellants, Diane Jones, Thomas Jones, and Jimmy Lee Holden, appeal the trial court's decision granting appellees' motion to dismiss for failure to state a claim for which relief can be granted. We affirm.

{¶2} Appellants filed suit against appellees, the Geauga County Republican Party Central Committee and Nancy McArthur (collectively "the committee"), seeking declaratory judgment, a permanent injunction, and other unspecified relief.

{¶3} Appellants' first count seeks declaratory judgment that the committee on August 15, 2015 held a closed meeting at which it "deliberated, and voted upon two issues: (a) the amendment of the Central Committee's bylaws, and (b) the appointment of six (6) new members to the Central Committee to fill vacancies." Appellants aver that McArthur, as chairperson of the committee caused members of the public including appellants to be removed from the meeting. However, the soon-to-be appointed, newest members of the committee were permitted to stay and attend the meeting. Appellants claim that the committee violated R.C. 121.22 requiring public officials to hold meetings open to the public.

{¶4} They also aver that the committee did not hold a roll call vote to adjourn to executive session and it did not indicate the matters on which it would vote in executive session contrary to R.C. 121.22(G), and that as such, the committee's actions contrary to R.C. 121.22 are invalid.

{¶5} Accordingly, appellants sought the trial court to declare pursuant to R.C. 2721.01 that the committee's actions taken at its August 15, 2015 meeting are invalid.

{¶6} In its second count, appellants seek to enjoin the committee from future violations of R.C. 121.22 via R.C. 121.22(I) based on the committee's alleged violations identified in count one.

{¶7} In lieu of an answer, the committee filed a motion to dismiss based on appellants' failure to state a claim upon which relief could be granted. The trial court

2

granted the committee's motion to dismiss concluding that appellants have no right to a declaratory judgment and dismissed their complaint with prejudice.

{¶8} Appellants assert one assigned error on appeal:

{¶9} "The trial court committed prejudicial error in granting Appellees' motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Civ.R. 12(B)(6), based upon its opinion that the August 15, 2015 meeting of the Geauga County Republican Party Central Committee was not subject to O.R.C. 121.22 because a meeting of a county central committee of a political party held for the purpose of appointing new members to the committee to fill vacancies and to deliberate over amendments to its bylaws does not constitute public business, as contemplated by that code section, but the private, internal affairs of the committee."

{¶10} R.C. 2721.02(A), authorizing declaratory judgment actions, states in part:

{¶11} "[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter. The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree."

{¶12} A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A trial court may not rely on allegations or evidence outside the complaint, but can only review the complaint and dismiss the case if it appears beyond a doubt that the plaintiff can prove no set of facts entitling it to recover. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680

N.E.2d 985. The court must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-movant. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). However, a court should not accept as true any unsupported legal conclusions in the complaint. *Eichenberger v. Petree*, 76 Ohio App.3d 779, 782, 603 N.E.2d 366 (10th Dist.1992); *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶7 (10th Dist.).

{¶13} "The effect of a dismissal of a declaratory judgment action without making a declaration of the parties' rights is a determination that the plaintiff in the declaratory judgment action has no right to a declaratory judgment[,]" and only establishes that the complaint failed to state a viable claim for declaratory judgment. *State ex rel. Fenske v. McGovern*, 11 Ohio St.3d 129, 133, 464 N.E.2d 525 (1984).

{¶14} This court reviews decisions granting Civ.R. 12(B)(6) motions de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5. "If, after considering the complaint accordingly, there is no set of facts consistent with appellants' allegations that would permit recovery, the judgment of dismissal will be affirmed." (Citation omitted.) *Grybosky v. Ohio Civ. Rights Comm.*, 11th Dist. Ashtabula No. 2010-A-0047, 2011-Ohio-6843, ¶15.

{¶15} Ohio's open meetings act, R.C. 121.22, was designed to require public officials to conduct official business in open meetings. *State ex rel. Long v. Council of the Village of Cardington*, 92 Ohio St.3d 54, 2001-Ohio-130, 748 N.E.2d. 58. R.C. 121.22(A) states: "This section shall be liberally construed to require public officials to

4

take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law."

{¶16} Further, "[a]ny person may bring an action to enforce [R.C. 121.22,]" and "[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." R.C. 121.22(H) and (I)(1).

{¶17} The committee alleged in its motion to dismiss that it is not subject to the requirements of Ohio's open meetings act since it is a private organization that considers and conducts public business only in certain, limited situations, and that the specific subject matter addressed at its August 15, 2015, meeting, i.e., the appointment of new committee members to fill vacancies and potential changes to its internal bylaws, does not constitute public business.

{¶18} R.C. 149.011(D) defines "public official" as "all officers, employees, or duly authorized representatives or agents of a public office."

{¶19} A "public body" is:

{¶20} "(a) Any board, commission, committee, council, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, council, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution;

{¶21} "(b) Any committee or subcommittee of a body described in division (B)(1)(a) of this section* * *." R.C. 121.22(B)(1).

{¶22} R.C. 121.22(C) dictates that "[a]ll meetings of any public body are * * * to be public meetings open to the public at all times." A "meeting" is "any prearranged

5

discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2).

{¶23} "'Public office' includes any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government." R.C. 149.011(A).

{¶24} "'State agency' includes every department, bureau, board, commission, office, or other organized body established by the constitution and laws of this state for the exercise of any function of state government, including any state-supported institution of higher education, the general assembly, any legislative agency, any court or judicial agency, or any political subdivision or agency of a political subdivision." R.C. 149.011(B).

{¶25} "Public business" is not statutorily defined, but has recently been defined by the Ohio Supreme Court as "the business of the government" or "'those matters over which the public governmental body has supervision, control, jurisdiction or advisory power.'" (Citations omitted.) *White v. King*, 147 Ohio St.3d 74, 2016-Ohio-2770, 60 N.E.3d 1234, ¶21.

{¶26} Under limited circumstances, R.C. 305.02, "Filling vacancy in county offices," confers upon a county central committee of a local political party the power to appoint individuals to fill county office vacancies. Under these circumstances, R.C. 305.02 transmutes the members of a county central committee of a political party to "public officers." *State ex rel. Hayes v. Jennings*, 173 Ohio St. 370, 373-374, 182 N. E. 2d 546 (1962).

6

{¶27} Appellants' complaint is founded on the premise that the committee is a public body or comprised of "public officers" when it meets to amend its internal bylaws and to select and appoint new members to the local central committee.

{¶28} However, a few cases have considered this issue in an unrelated context and have found that a central committee of a local political party is only comprised of "public officers" when the committee is actually undertaking its limited, governmental duties. *State ex rel. Cain v. Kay*, 38 Ohio St.2d 15, 18-19, 309 N.E.2d 860 (1974) (construing *State, ex rel. Hayes, supra); Banchy v. Republican Party of Hamilton Cty.*, 898 F.2d 1192, 1194-1195 (6th Cir.1990).

{¶29} In *State ex rel. Hayes, supra*, the Supreme Court considered an action in quo warranto by a relator seeking the pro tempore clerk of courts to surrender the office to allow the relator to take the office. The relator challenged the constitutional authority of the General Assembly to confer by statute on the county central committee of a political party the authority to appoint an individual for a vacancy in a county office until a successor is elected. *Id.* at 372. The Supreme Court found the statute constitutionally sound and explained in part that the power conferred "upon central committeemen makes them public officers." *Id.* at 374.

{¶30} In *State ex rel. Cain v. Kay*, supra, however, the Ohio Supreme Court clarified the extent of its holding in *Hayes*, stating:

{¶31} "In *Hayes*, it was the delegation by statute of one of the sovereign functions of government, to be exercised for the public benefit, to the county central committeemen that outweighed the traditional reluctance of the court to interfere in the internal affairs of political parties. Political parties are basically voluntary associations of

7

persons who act together principally for party and community purposes. Courts should defer to the appropriate party tribunals established by the members for the resolution of internal disputes of the party. For purposes of quo warranto, it is only where party officers assume duties affecting activities beyond the sphere of the internal affairs of the party and exercise official powers that are part of the sovereign functions of the state, properly exercisable for the public benefit, that the courts will intercede." *Id.*

{¶32} What constitutes the "internal affairs" of a central committee of a political party is not defined by case law or statute, but "internal" means "1. Of, relating to, or situated within the limits or surface of something : INNER. 2. Residing in or dependent on the essential nature of something : INHERENT." *Webster's II New College Dictionary*, 579 (1999).

{¶33} More recently, the Sixth Circuit Court of Appeals in *Banchy v. Republican Party of Hamilton Cty.*, supra, also addressed the extent of *Hayes'* holding and concluded:

{¶34} "While section 305.02 delegates to the central committees of a state party the power to appoint certain county officials when a vacancy occurs, this does not mean that all actions of a central committee constitute state action. When performing the narrow duties assigned to it under section 305.02, the Central Committee of the Republican Party may well be engaging in state action. *State ex rel. Hayes v. Jennings*, 173 Ohio St. 370, 374, 19 Ohio Op. 2d 314, 182 N.E.2d 546 (1962) ('the power conferred by Section 305.02, Revised Code, upon central committeemen makes them public officers'); *see also Smith v. Allwright*, 321 U.S. 649, 663, 88 L. Ed. 987, 64 S. Ct. 757 (1944) ('the party takes its character as a state agency from the duties imposed

8

upon it by state statutes; the duties do not become matters of private law because they are performed by a political party'). **When engaging in party activities, such as electing ward chairmen, distinct from their official governmental duties, the members of the Central Committee *do not* continue to act under color of state law merely because they have some governmental duties.** There must be some allegation that the activities directly influence the governmental duties." (Emphasis added.)

**{¶35}** Although none of the foregoing cases deals with the application of Ohio's Open Meetings Act to a central committee meeting to amend its internal bylaws and appoint new members, a collective reading of the above establishes that although members of a central committee of a political party are public officers upon acting under the authority granted in R.C. 305.02 in filling vacancy in county offices, these same committee members do not constitute public officials engaged in public meetings when they are addressing the internal affairs of the political party.

**{¶36}** In addition, while not controlling authority, the Ohio Attorney General has considered the precise issue on appeal and concluded:

**{¶37}** "**The convening of the county central committee for the purpose of conducting purely internal party affairs, unrelated to the committee's duties of making appointments to vacant public offices, is not a 'meeting' as defined by R.C. 121.22(B)(2). Thus, R.C. 121.22 does not apply to such a gathering**." (Emphasis added.) 1980 Op. Atty. Gen. 80-083.

**{¶38}** Upon liberally construing R.C. 121.22, the allegations in appellants' complaint fail to state a claim for relief that can be granted since it does not allege the

9

committee was deliberating over, discussing, or voting on public business. The appointment of political committee members and proposed changes to a county central committee's bylaws are not matters over which the government has control, supervision, jurisdiction, or power. *See generally Wilkins v. Harrisburg*, 10th Dist. Franklin No. 12AP-1046, 2013-Ohio-2751, ¶19; *Forest Hills Journal v. Forest Hills Local Sch. Dist. Bd. Of Edn.*, Hamilton C.P. No. A-1100109, 2011 Ohio Misc. LEXIS 799, *3-4.

{¶39} Accordingly, appellants' sole assigned error lacks merit, and the judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.