[Cite as *Howard v. Condon*, 2022-Ohio-255.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

DEVIN D. HOWARD,

        Plaintiff-Appellant,

- v -

PATRICK J. CONDON,

        Defendant-Appellee.

CASE NO. 2021-L-058

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 001214

## O P I N I O N

Decided: January 31, 2022
Judgment: Affirmed

*Devin D. Howard*, pro se, PID# A770-357, Lake Erie Correctional Institution, 501 Thompson Road., P.O. Box 8000, Conneaut, OH 44030 (Plaintiff-Appellant).

*Lisa M. Zaring* and *Lindsay M. Upton*, Montgomery Jonson, LLP, 600 Vine Street, Suite 2650, Cincinnati, OH 45202 (for Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1}  Appellant, Devin Howard, appeals the trial court's Civ.R. 12(B)(6) dismissal of his defamation case against Appellee, Judge Patrick J. Condon.

{¶2}  Prior to this lawsuit, Judge Condon presided over a criminal trial in which Appellant was a defendant. For the following reasons, we affirm.

{¶3}  During the prosecution's cross-examination of Appellant in the criminal trial, the following conversation took place:

> Q:  I'm just asking you a question. Did you go to the Wickliffe
>
>      Title Bureau?

A: Do I still have the privilege of the Fifth Amendment as it pertains to another pending case?

The Court: Mr. Howard, you don't have another pending case. Answer the question.

{¶4} Subsequently, Appellant brought this civil action for money damages, arguing that Judge Condon's statement at the criminal trial was defamatory.

{¶5} Judge Condon filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted.

{¶6} The trial court granted the motion to dismiss, holding that Judge Condon has judicial immunity from civil liability.

{¶7} ASSIGNMENT OF ERROR: "THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING DEFENDANT-APPELLEE'S CIV. R. 12(B)(6) MOTION."

{¶8} "An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo." *State ex rel. Malloy v. Girard*, No. 2006-T-0019 11th Dist. Trumbull, 2007-Ohio-338, ¶ 8. We review the motion as if it were brought for the first time. *Id.*

{¶9} "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

{¶10} Judicial immunity provides that judicial officers are exempt from civil liability for actions taken in his or her judicial capacity. *Howard v. Supreme Ct. of Ohio*, Nos.

2

04AP–1093, 04AP–1272, 10th Dist. Franklin 2005-Ohio-2130, ¶ 12. "Ohio law is clear that a plaintiff claiming to have been injured by judicial action within the scope of the judge's jurisdiction has no civil action against the judge for recovery of damages." *Id.* "Indeed, a judge is immune for actions taken within the judge's official capacity even if those actions were in error, in excess of authority, or malicious." *Id.*

{¶11} "Factors to consider in determining whether a judge's act is judicial include (1) the nature of the act itself, and whether it is a function normally performed by a judge, and (2) the expectation of the parties, and whether he or she dealt with the judge in his or her judicial capacity." *Id.* at ¶ 13. "A judge will be liable only if (1) the judge acted in a clear absence of all jurisdiction, or (2) the action at issue was not judicial in nature, meaning not normally performed by a judge." *Id.*

{¶12} Here, Appellant contends that the trial court erred in granting Judge Condon's Civ.R. 12(B)(6) motion to dismiss because judicial immunity does not apply. Appellant asserts that Judge Condon's statement ("Mr. Howard, you don't have another pending case") was not a judicial act because the statement was "argumentative" and placed Appellant "in a dire need to defend his credibility" to the jury. Yet, Judge Condon's statement was judicial in nature because he was presiding over the criminal trial and responding to Appellant's inquiry as to whether the Fifth Amendment privilege from another case applied. Even if Judge Condon's response were incorrect, "a judge is immune for actions taken within the judge's official capacity even if those actions were in error, in excess of authority, or malicious." *Id.* at ¶ 12. Thus, Judge Condon has judicial immunity from civil liability in this instance. Since judicial immunity applies, there are no facts upon which relief may be granted.

Case No. 2021-L-058

{¶13} In Appellee's brief, Judge Condon makes several additional arguments regarding why granting his Civ.R. 12(B)(6) motion to dismiss was appropriate. However, pursuant to 11th Dist. Local Rule 16(C)(4), if an appellee is defending a judgment on grounds other than that relied on by the trial court, but does not wish to change the judgment, the alternative grounds must be set forth separately in a cross assignment of error. Judge Condon did not assert the alternative defenses in cross-assignments of error. Thus, we need not address them.

{¶14} Appellant's assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.