[Cite as *Wente v. Ohio Bur. of Motor Vehicles*, 2023-Ohio-3165.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| DARLENE WENTE | Case No. 2023-00192AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO BUREAU OF MOTOR VEHICLES | |
| Defendant | |

**{¶1}** Darlene Wente ("plaintiff") filed this claim against defendant, Ohio Bureau of Motor Vehicles ("BMV", "defendant", or "registrar"), for "crimes committed by the Registrar" including terrorism, corrupt activity, fraud, negligence, and unjust enrichment. Plaintiff stated that this claim arises out of occasions on July 22, 2020 and March 31, 2021, when plaintiff was informed by BMV that plaintiff's license was suspended. Plaintiff asserted that plaintiff's license was illegally suspended on these two dates and that plaintiff suffered damages in the amount of $4,500.00. Plaintiff submitted the $25.00 filing fee with the complaint.

**{¶2}** BMV submitted an investigation report denying liability in this case. BMV stated that all suspensions and interactions related to plaintiff were handled appropriately and complied with statutory and administrative requirements. BMV stated that the July 22, 2020 suspension was an administrative license suspension ("ALS") which is imposed by local law enforcement according to R.C. 4511.191(B)[1]. BMV stated that after it notified plaintiff of the suspension, it discovered that the ALS did not document that it was properly served on plaintiff. BMV stated that the day it was notified of the error, it deleted the ALS from plaintiff's record and no fee was collected from plaintiff. As to the second suspension, BMV stated that plaintiff's license was suspended because plaintiff was

---

[1] While defendant's investigation report cites R.C. 4511.191(B) as the code section which required it to suspend plaintiff's license, it was actually R.C. 4511.191(C) because plaintiff submitted to a urine test which came back positive. These code sections operate in the same manner.

found guilty of a traffic violation and plaintiff failed to provide proof of insurance. BMV contended that according to R.C. 4509.101(D)(5)(a), it is required to suspend the license of a person under those circumstances. BMV stated that the notice of suspension, which contained information on how to avoid the suspension, was sent to plaintiff on March 31, 2021. On April 14, 2021, BMV sent plaintiff the final order imposing the suspension on plaintiff's license including information about plaintiff's appeal rights. Plaintiff did not file an appeal. BMV stated that in the various emails between its employees and plaintiff, plaintiff was reminded several times that proof of insurance was needed in order to remove the suspension. Defendant asserted that plaintiff did not provide such proof or pay the statutorily determined reinstatement fees, therefore BMV has not wronged plaintiff. Finally, BMV stated that to the extent that plaintiff alleges criminal activity, this court has no jurisdiction.

**{¶3}** Plaintiff did not file a response to defendant's investigation report.

**{¶4}** This court has no jurisdiction "over any criminal matters against the state as 'R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in the court of common pleas.'" (Citations omitted). *Howard v. Supreme Court of Ohio*, 10th Dist. Franklin Nos. 04AP-1093 and 04AP-1272, 2005-Ohio-2130, ¶ 17. Thus, to the extent plaintiff asserts violations of criminal law, those claims must be dismissed.

**{¶5}** To prevail in a claim for negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed plaintiff a duty, that defendant breached that duty, and that defendant's breach proximately caused plaintiff's damages. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8 citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

**{¶6}** In this case, the duty of BMV with respect to plaintiff is to follow all relevant Revised Code sections and act reasonably when exercising its power. Plaintiff has provided no evidence that BMV acted unreasonably or outside the statutory provisions. Further, even if plaintiff could prove that BMV breached its duty, plaintiff has not proven damages.

{¶7}  The first suspension placed on plaintiff's license was under R.C. 4511.191(C)(1).  R.C. 4511.191(C)(1) states that when defendant receives a report from a law enforcement officer that someone was arrested for operating a motor vehicle while impaired by a substance, and that person submitted to a urine test which came back positive for the concentration of alcohol specified by criminal statute to constitute driving under an impairment, defendant must record the fact that the person's license was suspended by the arresting officer.  Upon receipt of such report, defendant suspended plaintiff's license in accordance with the Revised Code.  When it learned that all of the proper procedures may not have been followed, it deleted the suspension from plaintiff's record and plaintiff was not subject to any fees associated with this suspension.  Therefore, as to the first suspension, plaintiff has not proven by a preponderance of the evidence that BMV breached its duty to plaintiff or that plaintiff sustained any damages relating to this suspension.

{¶8}  The second suspension was under R.C. 4509.101, which requires any person operating a vehicle in the state to provide proof of financial responsibility.  R.C. 4509.101(D)(5)(a) states, "[u]pon receiving notice from a clerk of courts or traffic violations bureau * * * the registrar shall order the suspension of the license of the person required under division (A)(2)(a), (b), or (c) of this section."  Plaintiff has failed to submit evidence that plaintiff was not subject to this section or that BMV had proof of plaintiff's financial responsibility and suspended plaintiff's license anyway.  Therefore, plaintiff did not prove that defendant breached a duty with respect to this suspension.

{¶9}  Therefore, plaintiff's claims are denied.

| | |
|---|---|
| DARLENE WENTE | Case No. 2023-00192AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| OHIO BUREAU OF MOTOR VEHICLES | |
| Defendant | |

{¶10} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

HOLLY TRUE SHAVER
Deputy Clerk

Filed 8/17/23
Sent to S.C. Reporter 9/7/23